FILED
United States Court of Appeals
Tenth Circuit

September 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADAN BARRERA-AGUILAR,
a/k/a Jorge Diaz-Aguilar, a/k/a Barrerra
Aguilar-Barrera, a/k/a Juan Leon Perez,
a/k/a Adan Aguilar Barrera,

      Defendant - Appellant.

No. 14-4054
(D.C. No. 2:14-CR-00099-DN-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.

Adan Barrera-Aguilar pleaded guilty to one count of reentry of a previously

removed alien in violation of 8 U.S.C. § 1326 and was sentenced to 24 months of

imprisonment to be followed by 24 months of supervised release.  In his plea

agreement, he waived his right to appeal his conviction and sentence so long as his

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence did not exceed the statutory maximum penalty of 20 years of imprisonment, his sentence did not depart above the high end of the sentencing guideline range determined by the district court, and the court applied the "fast track" reduction recommended by the government. Despite his appeal waiver, Mr. Barrera-Aguilar filed a notice of appeal.

The government moves to enforce the waiver and to dismiss the appeal based on *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating an appeal waiver, *Hahn* directs us to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Barrera-Aguilar, through counsel, concedes that the three *Hahn* criteria are met. We gave Mr. Barrera-Aguilar an opportunity to file a pro se response. To date, he has not done so.

Upon our independent review of the parties' filings, the plea agreement, and the transcripts of the plea and sentencing hearings, we conclude that Mr. Barrera-Aguilar waived his right to bring this appeal. Accordingly, we grant the government's motion to enforce the plea agreement, and we dismiss this appeal.

Entered for the Court
Per Curiam

- 2 -